**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CIPLA LIMITED AND<br>CIPLA USA, INC., | |
| Plaintiffs, | Civil Action No.: 1:18-cv-1671 |
| v. | |
| ELI LILLY AND COMPANY AND<br>ICOS CORPORATION, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY

Plaintiffs Cipla Limited and Cipla USA, Inc. (collectively, "Cipla" or "Plaintiffs"), by its attorneys, brings this Complaint for a declaratory judgment of patent invalidity against Eli Lilly and Company ("Lilly") and ICOS Corporation ("ICOS") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      Cipla seeks a declaratory judgment under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that United States Patent Nos. 6,821,975 ("the '975 patent") and 7,182,958 ("the '958 patent"), attached hereto as Exhibits A and B, are invalid.

## THE PARTIES

2.      Cipla Limited is a corporation organized and existing under the laws of India, having its corporate office at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai Maharashtra 400013, India.

3.      Cipla USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its corporate office at 9100 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156.  Cipla USA, Inc. is a wholly-owned subsidiary of Invagen Pharmaceuticals, Inc. which is a wholly owned subsidiary of Cipla (EU Limited), which is a wholly owned subsidiary of Cipla Limited.

4.      On information and belief, Eli Lilly and Company is an Indiana Corporation that has its principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.

5.      On information and belief, ICOS Corporation is a Delaware corporation having its corporate office at Lilly Corporate Center, Indianapolis, Indiana 46825.  ICOS is a wholly owned subsidiary of Lilly.

## JURISDICTION AND VENUE

6.      This claim arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7.      Personal jurisdiction over the Defendants exists because the Defendants reside in this district.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

9.      This Court has general personal jurisdiction over Defendants because, upon information and belief, Defendants' principal place of business is in Indianapolis, Indiana.

10.     This Court also has specific personal jurisdiction over Defendants because, upon information and belief, Defendants transact business in the State of Indiana and have purposefully availed themselves of the privileges of doing business in Indiana.

2

11.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b), because, upon information and belief, the Southern District of Indiana is a judicial district where Defendants have committed acts that give rise to Plaintiffs' declaratory judgment claims as alleged in this Complaint, and has a regular and established place of business, e.g., its headquarters in Indianapolis, Indiana.

## FACTUAL BACKGROUND

### The Patents-in-Suit

12.    The '975 patent, entitled "Beta-Carboline Drug Products," issued on November 23, 2004.  A copy of the '975 patent has been attached hereto as Exhibit A.

13.    The '958 patent, entitled "β-Carboline Pharmaceutical Compositions," issued on February 27, 2007.  A copy of the '958 patent has been attached hereto as Exhibit B.

14.    On information and belief, ICOS is the assignee of the '975 and '958 patents.

15.    On information and belief, Lilly is the exclusive licensee of the '975 and '958 patents.

16.    On information and belief, Lilly holds approved New Drug Application ("NDA") No. 022332 for tadalafil 20 mg tablets under Section 505(b) of the Federal Food Drug and Cosmetic Act ("FFDCA").

17.    The Hatch-Waxman Amendments to the FFDCA ask NDA holders to disclose the patent numbers and expiration dates of those patents that the holders believe claim the "drug" for which their NDA is submitted, or patents covering a "method of using such drug."  21 U.S.C. §§ 355(b)(1) and (c)(2).

18.    On request from an NDA holder, the FDA automatically lists the NDA holder's disclosed patents pursuant to 21 U.S.C. §§ 355(b)(1) and (c)(2) in the publication *Approved*

3

*Drug Products with Therapeutic Equivalence Evaluations*, commonly called the "Orange Book." The FDA does not evaluate whether the claims of the disclosed patents actually cover the drug or method of using such drug, or whether the patent is valid; its actions are purely "ministerial." *Caraco Pharm. Labs., Ltd. v. Novo Nordisk*, 132 S. Ct. 1670, 1677 & n.2 (2012); *aaiPharma Inc. v. Thompson*, 296 F.3d 227, 243 (4th Cir. 2002).

19.     On information and belief, Lilly, and/or ICOS caused the '975 and '958 patents to be listed in the Orange Book as patents that claim the drug and/or claim a method of using such a drug for which Lilly submitted NDA No. 022332.

### Cipla's ANDA

20.     Cipla filed Abbreviated New Drug Application ("ANDA") No. 210255 to obtain FDA approval to engage in the commercial manufacture, use, and sale of tadalafil tablets in the 20 mg dosage strength.

21.     Cipla's ANDA No. 210255 contains a "Paragraph IV" certification under 21 U.S.C. § 505(j)(2)(A)(vii)(IV) that the '975 and '958 patents are unenforceable, invalid and/or will not be infringed by the commercial manufacture, use, or sale of the drug product described in ANDA No. 210255.

22.     The first drug company that files an ANDA containing a Paragraph IV certification is entitled to a 180-day period of generic marketing exclusivity before the FDA may approve any later Paragraph IV ANDA based on the same NDA.  21 U.S.C. §§ 355(j)(5)(B)(iv).

23.     The 180-day exclusivity period is triggered by the first ANDA filer's entry into the market.  However, the first ANDA filer's 180-day exclusivity period can be forfeited under certain circumstances.  For instance, if a later ANDA-filer obtains a final judgment that each of the listed drug's Orange Book patents are not infringed and/or are invalid, the first ANDA filer

must market its product within 75 days of the later ANDA filer's judgment, or forfeit its period of exclusivity.  21 U.S.C. §§ 355(j)(5)(D)(i)(I).

24.    Upon information and belief, Cipla was not the first generic drug manufacturer to file an ANDA directed to tadalafil tablets in the 20 mg dosage strength.

25.    FDA records indicate that the first Paragraph IV certification directed to 20 mg tadalafil tablets was submitted on October 15, 2009.

26.    Pursuant to 21 U.S.C. § 355(j)(2)(B)(ii), on December 6, 2017, Cipla sent Lilly and ICOS notice of Cipla's Paragraph IV certification with ANDA No. 210255 ("Cipla's Notice Letter").

27.    Cipla's Notice Letter contained an offer of confidential access to relevant portions of ANDA No. 210255 to each Defendant so that each could determine whether Cipla's generic products would infringe any valid claim of the Orange Book-listed patents, pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

28.    Cipla's Notice Letter initiated a 45-day statutory period during which Defendants had the opportunity to file an action for patent infringement.

29.    The Hatch-Waxman Amendments to the FFDCA authorize an ANDA filer to initiate a declaratory judgment action with respect to Orange Book-listed patents that the patent holder does not assert within 45 days of receipt of the ANDA filer's Paragraph IV notice letter. 21 U.S.C. § 355(j)(5)(C).

30.    Defendants did not file an action against Cipla for infringement of the '975 or '958 patents within the 45-day statutory period, or at any time.

31.     The '975 and '958 patents are an impediment to Cipla's entry into the market. As a subsequent ANDA filer, Cipla's ANDA for 20 mg tadalafil tablets cannot be approved by the FDA until the first ANDA filer's 180-day exclusivity period is either forfeited or runs out.

32.     Cipla has not yet received tentative approval for its ANDA, but it expects to do so soon.   Regardless, tentative approval is "not a precondition to the existence of a case or controversy concerning patents listed in the Orange Book." *Apotex Inc. v. Daiichi Sankyo, Inc.*, 781 F.3d 1356, 1366 (Fed. Cir. 2015).

33.     One of the ways that Cipla may trigger the first ANDA filer's exclusivity period so as to precipitate its own entry into the market is by obtaining a final favorable judgment in all Orange Book-listed patents in connection with NDA No. 210255.

34.     As of the date of this Complaint, the '975 and '958 patents are the only two remaining unexpired patents listed on the Orange Book for NDA No. 022332.   Pediatric exclusivity associated with a third patent, U.S. Patent No. 5,859,006, expired on May 21, 2018.

35.     As such, there are no patents barring the first ANDA filer from entering the market.

36.     On information and belief, no first ANDA filer has entered the market.

37.     "[T]he dispute as to infringement or invalidity of the relevant Orange-Book-listed patents constitutes 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Caraco Pharm. Labs., Ltd. v. Forest Labs.,* 527 F.3d 1278, 1296-97 (Fed. Cir. 2008) (citation omitted).

**The '975 and '958 Patents Have Already Been**
**Held Unpatentable Through *Inter Partes* Review**

38.     On January 13, 2015, Actelion Pharmaceuticals Ltd. filed petitions for *inter partes* review ("IPR") with the United States Patent and Trademark Office ("USPTO") Patent Trial and Appeal Board ("PTAB") seeking to invalidate the '975 and '958 patents.

39.     Case number IPR2015-00562 was directed to invalidating all claims of the '975 patent.

40.     Case number IPR2015-00561 was directed to invalidating all claims of the '958 patent.

41.     Both cases were instituted on August 4, 2015.

42.     On August 3, 2016, the PTAB held unpatentable all claims of both the '975 and '958 patents.

43.     Specifically, the PTAB found that the '975 patent was unpatentably obvious because all elements of the claims were taught by the combination of four references: Daugan et al., WO 97/03675, published Feb. 6, 1997 ("Daugan"); Butler et al., WO 96/38131, published Dec. 5, 1996 ("Butler"); Seth et al., U.S. Patent No. 4,721,709, issued Jan. 26, 1988 ("Seth"); and Deodatt A. Wadke, Abu T. M. Serajuddin, and Harold Jacobson, Preformulation Testing in PHARMACEUTICAL DOSAGE FORMS: TABLETS, VOL. 1, Chpt. 1, pp. 1-73, Marcel Decker (Herbert A. Lieberman, Leon Lachman and Joseph B. Schwartz, Eds., 2nd ed., rev. and expanded 1989) ("Wadke").

44.     The PTAB further found that the '958 patent was unpatentably obvious over the combination of Daugan, Seth, and Butler in view of the common pharmaceutical knowledge evidenced in Wadke, Edward M. Rudnic & Mary Kathryn Kottke, Tablet Dosage Forms, MODERN PHARMACEUTICS 333–94 (Gilbert S. Banker & Christopher T. Rhodes eds., 3d

7

ed., Marcel Decker 1996) ("Rudnic"), and Gilbert S. Banker & Neil R. Anderson, Tablets, in THE THEORY AND PRACTICE OF INDUSTRIAL PHARMACY, 293, 324–29 (Leon Lachman et al. eds., 3d ed., Lea & Febiger 1986) ( "Banker").

45.    ICOS appealed the PTAB's IPR decisions regarding the '975 and '958 patents to the Federal Circuit on October 5, 2016.  The appeals were captioned *ICOS Corporation v. Actelion Pharmaceuticals Ltd.*, Case Nos. 17-1017 and 17-1018.  Both cases were subsequently consolidated on October 19, 2016, with 17-1017 designated as the "Lead Appeal."

46.    On April 18, 2018, a Federal Circuit panel affirmed the PTAB judgment that the '975 and '958 patents were unpatentable.  A copy of the Federal Circuit's opinion is attached as Exhibit C.  Specifically, the Federal Circuit found that the PTAB's factual findings regarding the motivation to micronize tadalafil and the teachings of the asserted prior art were supported by substantial evidence.  Exhibit C at 5.

47.    As of the date of this Complaint, Defendants have not sought a rehearing *en banc* or otherwise any other additional appellate relief.

48.    On May 25, 2018, the Federal Circuit issued a mandate, closing the appeal.

49.    The text of the Hatch-Waxman Act expressly provides a triggering event when a court enters a final decision in "an infringement action" or "a declaratory judgment action" pertaining to Orange Book patents.  *See* 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb)(AA).  Because it is unsettled whether IPR proceedings before the PTAB may qualify as either an infringement action or a declaratory judgment action, Plaintiffs seek a district court declaratory judgment that the '975 and '958 patents are invalid in order to trigger the first ANDA filer's exclusivity.

### COUNT I
**(Invalidity of U.S. Patent No. 6,821,975)**

50.    Plaintiffs repeat and reallege Paragraphs 1-49 as though fully set forth herein.

51.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52.     There is a real, immediate, substantial, and justiciable controversy between the Plaintiffs and Defendants concerning whether the claims of the '975 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, 112, and 116.

53.     The claims of the '975 patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

54.     The PTAB has already found all the claims of the '975 patent to be unpatentable at least as being obvious under 35 U.S.C. § 103 over the prior art, and the Federal Circuit has affirmed this decision.

55.     Specifically, the claims of the '975 patent are at least unpatentable as obvious over the combination of Daugan, Seth, Butler and Wadke references, as determined by the PTAB in IPR Case No. IPR2015-00562 and affirmed by the Federal Circuit in *ICOS Corporation v. Actelion Pharmaceuticals Ltd.*, Case No. 17-1018.

56.     Cipla is entitled to a judicial district court declaration that the claims of the '975 patent are invalid.

## COUNT II
### (Invalidity of U.S. Patent No. 7,182,958)

57.     Plaintiffs repeat and reallege Paragraphs 1-56 as though fully set forth herein.

58.     This claim arises under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

59. There is a real, immediate, substantial, and justiciable controversy between the Plaintiffs and Defendants concerning whether the claims of the '958 patent are invalid for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, 112, and 116.

60. The claims of the '958 patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 112, and 116.

61. The PTAB has already found all the claims of the '958 patent to be unpatenable at least as being obvious under 35 U.S.C. § 103 over the prior art, and the Federal Circuit has affirmed this decision.

62. Specifically, the claims of the '958 patent are at least invalid as obvious over the combination of Daugan, Seth, and Butler references in view of the common pharmaceutical knowledge reflected in the Wadke, Rudnic, and Baker references, as determined by the PTAB in IPR Case No. IPR2015-00561 and affirmed by the Federal Circuit in *ICOS Corporation v. Actelion Pharmaceuticals Ltd.*, Case No. 17-1017.

63. Cipla is entitled to a judicial district court declaration that the claims of the '958 patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment in its favor and against Defendants and against Defendants' respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Defendants, granting the following relief:

A.   The entry of judgment in favor of Plaintiffs and against Defendants on all Counts, declaring that the '975 and '958 patents are invalid;

B.   For a judgment declaring that this case is exceptional and awarding Cipla its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

C.   For such other relief to which Cipla is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

Dated: June 1, 2018                     Respectfully submitted,


*/s/ Stephen E. Arthur*
Stephen E. Arthur, Atty. No. 4055-49
Charles E. Oswald, IV, Atty. No. 27279-49
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone:      (317) 639-4511
Facsimile:      (317) 639-9565
Email:  sarthur@harrisonmoberly.com
Email: coswald@harrisonmoberly.com

*Attorneys for Plaintiffs Cipla Limited and Cipla USA, Inc.*